The next case this morning is 5 20 0367 people versus Louis Reed arguing for the defendant appellant is Christopher seal off arguing for the state is Diane Campbell. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please. Not only the clerk is permitted to record these proceedings. Good morning. Morning, Your Honor. She's ready to proceed. Yes, Your Honor. All right, please do so. Okay, Your Honor's counsel may please the court. My name is Chris Seal off when I represent the defendant appellant, Mr Louis Reed. This case is about whether the circuit court conducted any sort of preliminary inquiry into Mr Reed's post plea claims of ineffective assistance. And if not, whether the appointment of new counsel cured this error by the circuit court as the briefing in this argument will show the answer to both questions is no. And this court should remand Mr Reed's case to the circuit court for a preliminary crankle inquiry. As an initial note, Mr Reed conceded that this court does not have jurisdiction to hear the first two issues in this brief due to an untimely notice of appeal. However, the crankle issue has been preserved with the timely notice of appeal, and the state does not contest that this court has jurisdiction to determine whether the circuit court heard and failing to conduct a preliminary crankle inquiry. Your Honor is the main point for this court to focus on. And the ultimate question is whether preliminary crankle inquiry took place. If the answer is yes, then we can move on to determining whether the inquiry was adequate and Mr Reed's ineffective assistance claim for meritorious. If the answer is no, then the analysis ends because the failure to inquire requires remand for a preliminary crankle inquiry. Mr Seal off. Are you aware of any cases that say simply pointing new council satisfies a preliminary critical inquiry? In fact, Your Honor, I'm aware of a couple of cases that say the appointment of new council does not satisfy the requirement for the circuit court to conduct a preliminary inquiry, the most notable of which cited in all of the briefing in this case is people versus read from the first district. And it's important that we discuss read because it's a near one to one analog in this case. In that case, the court held that the appointment of new council after previous council withdraws does not abrogate the need for an initial crankle inquiry by the circuit court. Quoting from the first district, quote, even after new council appeared, there's no indication in the record that any inquiry into defendants ineffective assistance of council allegations occurred. In fact, counsel and read arguably did more than counsel in this place, at least with regards to representing the defendants pro se allegations of ineffective assistance of counsel, where that new attorney argued at least a quote catch all allegation that the defendant was denied the effective assistance of counsel during trial, unquote. So according to read and the logic that should be followed by this court, when new councils appointed to represent a defendant who has raised a prank or claim, new council either has to raise those pro se claims as if they were their own statewide, those claims don't have merit. If new council intends to argue other claims as similar to what happened in this case, or withdraws counsel entirely if there are no meritorious claims at all post trial. And in fact, this court in both people versus Ferguson and people versus Frakes stated that it followed both more and read the people versus more from the Supreme Court as well as people versus reads holding that the appointment of new counsel does not cure the circuit courts failure to preliminarily inquire under Prankle. And there's no reason for this court to abandon that logic in this case. In both Ferguson and Frakes, this court stated that the circuit courts failure to inquire under Prankle requires your man quote, so that so defendant has the opportunity to specify and support his plans against counsel on quote, and that quote, allowing allowing trial counsel to withdraw and appointing new post trial defense counsel does not satisfy the Prankle procedure on quote. Let's heal off refresh my memory. Those were two unpublished Fifth District cases. Are they after the deadline when they can be cited? Yes, Your Honor, they're from 2021. And and so they can be. They are not obviously binding authority. However, they are persuasive authority for this. Thank you. Of course, Your Honor. To that end, the purpose of a preliminary Prankle inquiry in the circuit court is to facilitate the trial courts full consideration of a defendant's pro se claim, and thereby potentially limit issues on appeal. And that is from people versus heirs from our Supreme Court. A proper preliminary Prankle inquiry will create the record necessary to adjudicate the defendants in its ineffective assistance claims on appeal, and a failure to conduct a proper preliminary inquiry precludes appellate review of the defendants pro se ineffective assistance claims specifically because there would be no record upon which to argue that. And so without a proper inquiry, the necessary relief is a remand of the circuit. In this case, there is no indication that any preliminary inquiry took place. There is simply nothing in the record to suggest to support a claim that the circuit court inquired in any way into Mr. Reed's claims of ineffective assistance. The state's argument that the circuit court relied on its memory of counsel's performance at trial is unsupported by the record. There's nothing in the record to suggest that the circuit court ever considered counsel's performance. A search of the record does not reveal any discussion by the court of counsel's performance, or even for that matter, the word Prankle or the phrase ineffective assistance counsel. Furthermore, in its response brief, the state does not cite anywhere in the record that Mr. Reed or this court could turn to for evidence that the circuit court ever considered Mr. Reed's Prankle claims. Its argument that the circuit court relied on its memory of trial counsel's performance is based on innuendo and speculation, and does not provide any reason to suggest that Mr. Reed was afforded his right under Prankle to have his claims considered and ruled upon. Additionally, while the circuit court may rely on its memory of trial counsel's performance, the purpose of Prankle, as discussed earlier, is to create a record on appeal sufficient to litigate those claims. There's nothing in the record to suggest that the circuit court ever considered Mr. Reed's claims. Counsel never argued those claims to the court, and the court never issued any ruling, either orally or in writing, explaining why it was denying them, let alone that it even considered them. Without any such argument or ruling, there's nothing in the record to suggest that Prankle was complied with. There is no harm in simply holding the circuit court to the bare minimum of the Prankle procedure, which necessarily requires at least a token reference to the claims and an explanation as to the circuit court's view of their validity. Furthermore, while that third method of approach, the circuit court relying on its memory of counsel's performance at trial, is indeed a valid way to inquire into the pro se claims, it ignores the fact that the first two methods of when inquiring into Prankle claims, and those two approaches are first, the circuit court can ask questions of the defendant about his claims to add more detail, to provide more context, to explain why he believes that they should move on for further consideration, or indeed to ask if there are any other claims that haven't been mentioned previously. And the circuit court can also ask questions of counsel who the claims are raised against. Now, there's no requirement that these first two modes of analysis be used. Again, it is the most often employed method of analysis. And that is simply because it speaks directly to the purpose of a preliminary Prankle inquiry, to create this record sufficient to not only litigate those claims when they are first brought to the trial court, but also to create a record on appeal, so that the defendant may challenge the ruling of the evidentiary hearing that the claims were not did not rise to the level of an effective assistance of counsel. In essence, the state asked this court to rule otherwise to suggest that Prankle is satisfied when a defendant raises pro se post trial claims, and they are never discussed again on the record. This argument is directly contrary to the Supreme Court precedent interpreting both the procedure and purpose of Prankle. In this case, it is Mr. Reid's argument and the record demonstrates that neither the purpose nor the procedure of Prankle were as the state notes in its response brief, Mr. Reid was not shy about letting the court know his dissatisfaction with his initial counsel. That's what we expect of defendants in these cases, if they wish to raise Prankle claims, we would like them to be voluminous if they have voluminous claims. The fact that he raised so many of them doesn't abrogate the certain courts need to conduct any sort of inquiry. Again, at the risk of beating a dead horse here, there's simply nothing in the record to suggest that the circuit court ever considered them, let alone that it disposed of them in a way compliant with either the purpose or procedure of Prankle. Because there's nothing in the record to support the state's claims otherwise, Mr. Reid would respectfully request that this court remand his case back to the circuit court for a preliminary Prankle inquiry. And with my remaining time, if you honestly have any questions, I'd be happy to answer them. Thank you. Questions, Justice Welch? No questions. Justice Cates? No questions. Thank you. Ms. Campbell, response? Um, thank you, Your Honor. Um, I have two procedural components that I'm going to address today. But first, I want to briefly address something the defendant said in his reply brief at page eight. He claims that the state implicitly implies that there was no preliminary Prankle that is not correct in any way. I would also note that in his reply brief, the defendant did not contest or address the merits of the state's harmless error argument. Um, and that if there were a failure for the preliminary Prankle inquiry, you can make a harmless error argument on claims either addressed by the trial court or rebutted by the record. That's in Paler, Paler, Palo, sorry, Palomera at 63 to 64. For the procedural issues, um, first, the record demonstrates that Reid was sufficiently informed and performed his duties, um, at the trial court order on May the 15th of 2019, which is at C-169. The court acknowledges the pro se correspondence by the defendant and says it will treat it as a motion to withdraw his guilty plea. There's no transcript for that day, so we don't know if anything else happened or what that might've been. So the trial court order on May the, and the 15th is only 10 days after the defendant's sentencing hearing. The trial court order on May the 22nd of 2019, um, D-172. Again, there's no transcript for anything occurring that day. The court says attorney Steele was quote unquote removed and appoints a new PD. Um, the use of the word removed is significant because I think that indicates that it was in fact in response to the ineffective assistance counsel claims in the pro se, uh, correspondence. Um, Reid's entered, uh, private counsel entered his appearance on December 19th of 2019 at C-243. Reid's, the first appearance by Reid's, and I apologize because I, um, misstated the date and the record citation in my brief, but the correct date is February 19th of 2020. That's a supplemental record at 152 to 153. Reid's notes the defendant filed a pro se correspondence treated as the motion to withdraw the guilty plea. Um, in the trial court's order that day, again, that is February 19th of 2020. It says this matter comes on pro se motions filed by the defendant while in the department of corrections and note the pro se motions in the plural. Ms. Campbell, Mr. Seehoff cites two people versus Reid in a paragraph 51 and Reid, they stated allowing trial counsel to withdraw and appoint a new post trial defense counsel does not satisfy crankle procedure. How do you? I would respond to that, uh, in part addressing that with, um, references to people versus heirs, which was a case that this court referred to in Ferguson. So, uh, briefly the three methods as counsel noted are discussed with trial counsel. Um, number three, the trial counsel's knowledge of counsel's or trial court's knowledge of counsel's performance. And this was a plea agreement. This wasn't a trial where the judge could observe the counsel conducting his defense. This is a plea agreement. So how does trial counsel or how does the trial judge know what trial counsel's effectiveness was? Okay. In large part, then let it, let us go to the second element. Um, and in this court notes that, um, the allegations of ineffective assistance can be raised both orally or in writing that's at number 18. And then at number 11 in heirs, it notes that it can be a letter or a note to the court. Um, and, uh, the purpose of, of, uh, a preliminary crankle, according to heirs is to ascertain the forward, the defendant, the opportunity to explain and support his claims. Um, in that's at 24. So in other words, you need specific factual allegations. And that is exactly what occurred in the very voluminous, um, correspondence and writings by the defendant. Um, I list those at my brief at page 16, there are at least 12 pro se filings. They are addressed to the trial court judge, to the chief judge, to attorney steel, to the chief defender. They give very specific allegations on exactly what attorney steel, um, did according to him incorrectly or provided ineffective assistance of counsel, um, provides very he, the court is able to ascertain the underlying factual basis for the claims and the defendant was afforded his opportunity to explain and support his claims. Um, I can give one example. Um, I do cover these in my, uh, um, lack or harmless error argument in my brief, but one example is the, um, post-trial motion. Um, he says that attorney steel did not spend enough time with him. Um, however, in his specific allegations, he said she spent 10 minutes with him. She gave him a pen and told him to write corrections on the PSI. Um, the record contains the defendant's hand handwritten annotations on the PSI at two 31 to two 35. And then in the sentencing hearing at, um, the second supplemental record at 19 and 21 attorney steel makes several corrections to the post-trial or sorry, to the PSI at the sentencing hearing. So that is a claim that is clearly rebutted by the record, which is allowable under Palomero. Um, the other claims were basically, um, uh, Susie walls, victim impact statement, and that, um, uh, the cross examination of probation officer wheat, again, those are both, um, specifically addressed with factual supporting details by the defendant in his pro say, uh, filings, and they are rebutted by the record. Okay. Um, in, uh, people versus rotis, the Supreme court noted that these cases are taken on a case by case basis with fact specific examination driven by the record. That's exactly what should occur in this case. Um, uh, this another purpose for a preliminary crankle is to make a limit the issues on appeal and to make the record necessary so that the issues can be reviewed on appeal. That's it airs at 13 and 21 and more at 81. That clearly occurred here. Defendant has specified in particular three specific areas where he claims that his trial counsel, Ms. Steel was ineffective. He gets specific factual support that is in the record. And then those claims are rebutted by the record itself. Um, we also need to look at attorney Reeves 604 D certificate, and that is at page 275. He filed that in conjunction with his amended pleadings. And in that certificate, um, counsel Reeves says he consulted the defendant about his contentions of air in the entry of his plea. And in the sentencing, uh, attorney Reeves examined the trial court file and the report of proceedings of both the guilty plea and the sentencing. And three, he made any amendments necessary for an any defects in those proceedings. Um, so here, um, as I note, there are noted, there are at least 12 pros, say filings to the trial court judge, the chief judge, et cetera. There is no way that, uh, this privately retained attorney consulting with his client and reviewing the trial court, um, filings and pleadings could be aware of the defendant's, um, allegations of, uh, ineffective assistance of counsel. Um, it is presumed that the 604 D certificate is accurate. Um, and I think those are some of the major, um, distinguishing notes for this case and other cases is that this is a motion to withdraw a guilty plea. So we have the independent evaluation of the original attorney's conduct, um, files up his certificate saying he consulted the defendant about potential airs. He reviewed the file and he made any necessary, um, amendments to the proceeding. I see my time is up. Thank you, Miss Campbell. Questions. Justice Welch. No questions. Justice Kate's. No questions. We're about almost to sail off. Yes, Your Honor. Thank you. Uh, I'll start with the state's first point first because I think it speaks to the rest of sort of the argument that they make throughout not only their brief, but in their time today that Mr Reed did not respond to the state's arguments that his ineffective assistance claims were meritless. Again, the point here is that no preliminary crankle inquiry ever happened. And so if the state is willing to point to me to anywhere, anywhere in the record that it can state the court has considered these claims and and found that they um, allegations sufficient to determine whether an effective assistance counsel of counsel happened in this case. I am open to being corrected on that. In my review of the record, that simply never happened. Counsel never raised new counsel, either the first or the second of Mr Reasoning Council's never raised the ineffective assistance claims against the first council. The court never discussed it. There's nothing in the record to suggest that except Mr Reed. And so to point again to heirs and more and the purpose of crankle without a preliminary inquiry effectively to take the state's argument here would be to say that a defendant may shout into the void and we'll just figure it out on appeal whether he was correct or not. The purpose of crankle is when you raise these claims, you get an inquiry and Mr Reed doesn't contest that the court can rely on that third mode of analysis that it can rely on its memory of counsel's performance. But as Justice Long noted, this wasn't a trial. This was a guilty plea. And so there was very little performance for the circuit court to rely on its memory of. Also, to that point, Council for the State today argues that effectively Mr Reed wouldn't stop telling everybody how ineffective his counsel was. So they all knew what was happening. Great. That's even more information to bring up at a preliminary inquiry, which again did not happen. Nobody ever asked him about these claims. Nobody ever argued his claims. To that point, counsel points out the four d certificate that new council filed in this case. But as I mentioned earlier in my initial time today and in arguing that motion to withdraw, he was on record that there were ineffective assistant or he was put on notice. I should say that there were ineffective assistance of counsel claims and under Crankle, there has to be some sort of inquiry. And if we're going to allow this sort of molding of Crankle into a motion to withdraw hearing, then at the very least, he has to explain why he didn't raise those flames. If they didn't have merit, if Mr Reed had told him before the motion to withdraw hearing that he no longer wish to raise them, whatever it was, or the court had to ask why nobody was bringing him up. But even if we are to allow that Crankle shipping into a motion to withdraw sort of context, it doesn't take away the fact that somebody's got to ask about these ineffective assistance claims and the court has to make a ruling. There simply is nothing in the record to support that either of those circumstances ever happened. And so counsel's focus on the merits of Mr Reed's ineffective assistance plans entirely misses the point that, as I mentioned in my initial time, there's no harm in holding the circuit court to the bare minimum. I'm not gonna put an exact time frame on how long this inquiry could have taken. It could have taken seconds. It could have taken minutes. It could have gone into hours if the court really felt like going through a big to do. But at the bare minimum, something had to be said out loud or in writing and then put into the record. And that simply didn't happen here. Mr Seahawks, should this court take any, um, import from the fact that the docket entry says initial counsel was removed as opposed to allowed to withdraw? Does that does that any discussion of ineffective assistance of counsel in the record by someone other than Mr Reed? Perhaps that distinction would have a difference. But in this case, removed doesn't mean anything. The and it goes to that point that the appointment of new counsel doesn't matter if there is no inquiry. The point is to create a record. Sure, Mr Reed said a lot, but he is a lay person without legal experience. It's why he was given new counsel. It's why we have the legal system. We don't let people to get out on their own and scream into the void. We have procedure. We have purpose. Neither was followed in this case, and that's why a remand would be appropriate. Right. Thank you, Mr Seahawks. Other questions. Justice Welch. No questions. Justice Cates. No questions. We've considered your briefs. We will consider arguments. We'll take the matter under advisement, issue a decision in due course.